# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| | * |
| v. | *   CRIMINAL NO. 19-760 (RAM) |
| | * |
| MARY FLORES MORALES, | * |
| Defendant. | * |
| _____ | * |

## DEFENDANT'S NOTICE OF UNRESOLVED COMMENTS, CORRECTIONS, ADDITIONS AND OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

TO THE HONORABLE RAUL ARIAS MARXUACH,
CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO.

COMES NOW defendant Mary Flores Morales, through the undersigned counsel and notifies unresolved objections to the presentence report.

1. The probation office disclosed a presentence investigation report on April 6, 2022 (doc. 67). A motion to extend time to file objections was filed and granted, providing the deadline of April 25, which was met by counsel. The informal objections were notified via email pursuant to Local Rule 132(b)(3)(A) to the probation officer and AUSA Anderson.

2. On May 18, 2022, the probation office disclosed an amended presentence investigation report. (Doc. 75) This amendment included a documented request for restitution. On May 23, 2022 the defendant gave notice of

a new set of objections to the report, specifically addressing the matter of restitution. This objection was sent to the officer and to Mr. Anderson.

Amended PSR, doc. 75, p. 20 ¶ 60:

**Abuse of a position of trust adjustment.** As per the PSR, at least four persons in the company had access to the wire transfer (ACH) payment system. Ms. Flores was the lower-level employee with access to the system. The system was not locked out or inaccessible to the owner, office manager, or additional accounting employees. Account verification was not difficult as it was discovered directly by the office manager when the audit was performed. The fact that the offense went unnoticed was the result of poor office control and management. Note 1 to USSG § 3B1.3 states:

> This adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors.

Ms. Flores is more akin to the bank teller or hotel clerk mentioned in the application note of the guidelines that to the attorney or bank executive. Ms. Flores was not the company's accountant nor did she perform audits or have a position where audits could be manipulated. Ms. Flores is not the bank executive in the guidelines example. Poor office management does not equal Ms. Flores to an attorney or a bank executive. The position she held, alone, should not be considered to apply this adjustment.

Amended PSR, doc. 75, pp. 35-37, ¶¶146-147

**Restitution**. The evidence provided by the victim does not provide sufficient basis to prove the offense as the proximate cause of the expense. "The basic question that a proximate cause requirement presents is "whether the harm alleged has a sufficiently close connection to the conduct" at issue. *Lexmark Int'l, Inc.* v. *Static Control Components, Inc.*, *ante*, at 133, 134 S. Ct. 1377; 188 L. Ed. 2d 392, 407. " *Robers v. United States*, 572 U.S. 639, 645 (2014). There is insufficient evidence of the connection between the loans taken and the offense charged. In fact, the money procured by the victim was obtained and repaid by the victim. The balance between the loan and the repayment by the victim is not "a loss" attributable to Ms. Flores.  Furthermore, there is insufficient evidence that the debt incurred is the product of Ms. Flores' actions over a period of 8 years. We do not know whether the source of these debts was directly related to the offense charged or whether they are the aftermath of poor business administration, fines or other government action against DUI. No proximate cause can be established under *Robers*.

As to the matter of the expenses incurred during the investigation of the fraud, the issue was resolved by *Lagos v. United States*, 138 S. Ct. 1684 (2018). The Supreme Court said about the statute: "It is enough to hold that it does not

cover the costs of a private investigation that the victim chooses on its own to conduct." *Lagos v. United States*, 138 S. Ct. 1684, 1690 (2018).

FOR THE ABOVE STATED REASONS it is respectfully requested that the PSR be amended not to include the enhancement under USSG § 3B1.3 and that no additional restitution to the $651,952.42 agreed upon between the parties be imposed.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 31st day of May, 2022.

*S/ Laura Maldonado Rodriguez*
LAURA MALDONADO RODRIGUEZ
USDC-PR 205701
lmr7771@aol.com
P. O. BOX 11533
SAN JUAN, P. R. 00922-1533
TEL. (787) 413-7771

## CERTIFICATE OF SERVICE

On May 31, 2022 a true and exact copy of the foregoing motion was filed through the CM/ECF system and served by the system on the government and the probation officer.

In San Juan, Puerto Rico, this 31st day of May, 2022.

*S/ Laura Maldonado Rodriguez*
LAURA MALDONADO RODRIGUEZ
USDC-PR 205701
lmr7771@aol.com
P. O. BOX 11533
SAN JUAN, P. R. 00922-1533
