IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MARY FLORES-MORALES,<br>Defendant. | Crim. No. 19 - 760 (RAM) |

UNITED STATES OF AMERICA'S MOTION IN COMPLIANCE WITH COURT ORDER AT ECF NO. 109

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states as follows:

On August 12, 2021, Defendant pled guilty to Count One of the Indictment. (ECF No. 51). This plea was the result of a negotiated plea agreement in which the Government sought, and Defendant agreed and accepted, the payment of restitution in the amount of $651,952.42. (ECF No. 49, p. 2). This restitution equaled the amount of money that Defendant fraudulently stole from her employer, DUI, Inc. over the course of four years. DUI is now seeking additional restitution to recover costs it incurred as a result of Defendant's criminal conduct.

Procedural History

Between the date of her plea and the date of sentence, the Government had been in contact with the owner of DUI, Mr. Carlos Bonilla, regarding the restitution. Mr. Bonilla stated numerous times that he believed the expenses he incurred as a result of Defendant's actions should be part of the restitution order. It was explained to Mr. Bonilla that the

UNITED STATES OF AMERICA'S MOTION IN COMPLIANCE WITH COURT ORDER AT ECF NO. 109
*United States v. Mary Flores-Morales*
Crim. No. 19 – 760 (RAM)
Page 2 of 7

Government was bound by the negotiated amount contained in the plea agreement but that he had every right to address the issue with the Court at sentencing[1].

The original Presentence Investigation Report (PSR) was filed on April 6, 2022. (ECF No. 67). In that Report, Mr. Bonilla discussed at length the impact that Defendant's actions had on his business and is family. (ECF No.67, pp. 17 -18). He informed the Probation Officer of the additional expenses he incurred because of Defendant's fraud. (ECF No. 67, pp. 18 - 19). There was an amended PSR filed on May 18, 2022, which also included the victim's information regarding restitution. (ECF No. 75).

On May 31, 2022, Defendant filed objections to these two PSRs. (ECF No. 77). Specifically with respect to restitution, she raised two objections: there is insufficient evidence to show that her actions were the "proximate cause" of the victim's additional expenses, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014); and, investigative expenses are not recoverable, *Lagos v. United States*, 138 S. Ct. 1684 (2018).

On September 21, 2022, a second amended PSR was filed reiterating the victim's position with respect to restitution. (ECF No. 82). On the same date, an addendum was filed in which the Probation Officer provided an explanation of exactly what the victim was claiming as restitution and why. (ECF No. 83). Finally, a second addendum to the PSR was filed on January 11, 2023. (ECF No. 92). Here, the Probation Officer adopted Defendant's argument pursuant to *Lagos, supra*, but deferred the issue of causation to the Court's discretion.

---

[1] On October 25, 2021, the Government filed a notice informing the Court that Defendant would be exercising his right pursuant to 18 USC § 3771 to address the Court at sentencing. (ECF No. 52).

Case 3:19-cr-00760-RAM   Document 112   Filed 03/15/23   Page 3 of 7

UNITED STATES OF AMERICA'S MOTION IN COMPLIANCE WITH COURT ORDER AT ECF NO. 109
*United States v. Mary Flores-Morales*
Crim. No. 19 – 760 (RAM)
Page 3 of 7

On January 17, 2023, a sentencing hearing was held at which time Mr. Bonilla addressed the Court. (ECF No. 96). After imposing sentence, the Court scheduled a restitution hearing for February 14, 2023, instructing the victim that the Court wanted to hear testimony and see evidence of his additional restitution claims.

On February 14, 2023, the victim testified at the restitution hearing, and Government Exhibit One was admitted[2]. Exhibit One was comprised of numerous financial documents compiled by the victim in support of his testimony that the expenses contained therein were incurred by him due to Defendant's criminal conduct. The Court took the matter under advisement.

On February 28, 2023, the Court issued an order directing the Government to brief under which section of 18 U.S.C. § 3663A was DUI entitled to restitution consistent with Government Exhibit One.

Legal Authority

Under the Mandatory Victim's Restitution Act (MVRA), a victim is entitled to restitution equal to the value of the property damaged, lost, or destroyed as a result of a defendant's actions. 18 U.S.C. § 3663A(b)(1). Thus, a victim is entitled to restitution stemming from a loss caused by a defendant. This will entail the return of the property or its value. A victim is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered [.]". 18 U.S.C. § 3663A(a)(2).

---

[2] Admitted pending certified English translation, which was submitted to the Court March 14, 2023.

Case 3:19-cr-00760-RAM   Document 112   Filed 03/15/23   Page 4 of 7

UNITED STATES OF AMERICA'S MOTION IN COMPLIANCE WITH COURT ORDER AT ECF NO. 109
*United States v. Mary Flores-Morales*
Crim. No. 19 – 760 (RAM)
Page 4 of 7

"[A]s is typically the case with criminal restitution, . . . the central concern of the causal inquiry must be the conduct of the particular defendant from whom restitution is sought." *United States v. Paroline*, 134 S. Ct. 1710, 1720 (2014) (internal citations omitted). Although the Court in *Paroline* was determining restitution under 18 U.S.C. § 2259, it also addressed restitution in the general criminal sense.

> Every event has many causes, however, . . . and only some of them are proximate, as the law uses that term. So to say that one event was a proximate cause of another means that it was not just any cause, but one with a sufficient connection to the result. The idea of proximate cause, as distinct from actual cause or cause in fact, defies easy summary. It is 'a flexible concept' that generally 'refers to the basic requirement that … there must be 'some direct relation between the injury asserted and the injurious conduct alleged.'"

*Paroline* at 1719 (internal citations omitted). The Court went on to further state with respect to proximate cause that it "serve[d] … to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity." *Id.* And that "[p]roximate cause is a standard aspect of causation in criminal law and the law of torts." *Paroline* at 1720.

Discussion

Exhibit One introduced during the restitution hearing was divided into five parts: 1. Loans; 2. Payment plans; 3. Legal; 4. Christmas bonus; and 5. Time management. As for parts four and five, there is no provision under the MVRA for DUI to recover these costs. As he explained to the Government, the Christmas bonus category simply lists the amount DUI would have paid its employees if not granted a waiver by the Puerto Rico government since DUI did not have sufficient liquid assets to the pay the bonus. DUI did not suffer any loss in this category. Part five is based on Mr. Bonilla's belief that his time is worth that much. That

Case 3:19-cr-00760-RAM   Document 112   Filed 03/15/23   Page 5 of 7

UNITED STATES OF AMERICA'S MOTION IN COMPLIANCE WITH COURT ORDER AT ECF NO. 109
*United States v. Mary Flores-Morales*
Crim. No. 19 – 760 (RAM)
Page 5 of 7

leaves parts one, two, and three which Defendant objects to as not proximately caused by her actions or unrecoverable as a matter of law.

Part three is categorized as legal and financial consulting. Although caselaw does not expressly prohibit the awarding of attorney's fees as part of restitution, this section has to do with investigating DUI's books to see if anything else was missing. A victim who voluntarily conducts his own investigation is not entitled to restitution of those costs. *See, Lagos, supra.*

Parts one and two are not so easily dispensed with, however. In these categories, DUI is seeking to recover the interest it had to pay on the loans it needed to keep running, and the interest it had to pay to multiple government agencies due to Defendant not paying the company's bills. An argument can be made that these interest costs were proximately caused by Defendant's criminal conduct.

"Under the statutory framework, sentencing courts wield considerable discretion 'to reach an expeditious, reasonable determination of appropriate restitution by resolving uncertainties with a view toward achieving fairness to the victim'." *United States v. Corey*, 77 Fed.Appx. 7, 10 (1st Cir. 2003). Corey was convicted of bank fraud related to his sham loan application in which the bank granted him a line of credit. His presentence investigation report awarded the bank restitution for a net loss on the moan, legal expenses, prejudgment interest and real estate sale costs. "… Corey objected to … compensating [the bank] for losses other than its net loss on the loan. In Corey's view, the other damages were 'consequential' and thus beyond the reach of the MVRA." *Id*. at 9.

Case 3:19-cr-00760-RAM   Document 112   Filed 03/15/23   Page 6 of 7

UNITED STATES OF AMERICA'S MOTION IN COMPLIANCE WITH COURT ORDER AT ECF NO. 109
*United States v. Mary Flores-Morales*
Crim. No. 19 – 760 (RAM)
Page 6 of 7

> In analyzing Corey's argument, the First Circuit focused on reasonable foreseeability.
>
> Fraud is distinct from other traditional offenses against physical property. Fraud constitutes '[a]n intentional perversion of the truth.' The subject criminal conduct is thus the misrepresentation itself rather than the theft of some tangible good. Where there is fraud, then the concept of loss comprehends *all* reasonably foreseeable injuries 'sustained by [the] victim as a result of the underlying offense'."

*Id.* at 10. (Internal citations omitted). And in doing so, the Court upheld the restitution order as entered.

An argument could be made that it was reasonably foreseeable to Defendant that DUI would have to pay interest on the loans it obtained to keep running. These loans were necessary because the company routinely found itself short on cash. Unbeknownst to the company, the shortfall was directly due to Defendant's theft of company proceeds. Defendant was still employed by the company, and in her financial position she was well aware that the company had to repeatedly obtain loans due to her criminal conduct.

The interest paid under part two could also be categorized as foreseeable. It is common knowledge that when you do not pay your bills, interest, late fees, and surcharges will be added and continue to accumulate until paid. Defendant was directly responsible for paying DUI's bills, but instead she chose to steal the money. These interest charges were a direct result of Defendant's actions.

The Government is restricted by the plea agreement from arguing in favor of these expenses being included in the restitution order. It is Mr. Bonilla, owner of the victim DUI, who has requested that they be included. As he testified at the hearing, but for Defendant's actions, he would not have had to incur these addition costs. Based on the foregoing, it is within the Court's discretion as to whether they are covered by 18 U.S.C. § 3663A(b)(1).

UNITED STATES OF AMERICA'S MOTION IN COMPLIANCE WITH COURT ORDER AT ECF NO. 109
*United States v. Mary Flores-Morales*
Crim. No. 19 – 760 (RAM)
Page 7 of 7

WHEREFORE, the United States of America respectfully requests that this Honorable Court take notice of its compliance with the Court's Order.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 15th day of March 2023.

    W. STEPHEN MULDROW
    United States Attorney

    s/ *Scott Anderson*
    Scott Anderson - G00214
    Assistant U.S. Attorney
    Torre Chardón, Suite 1201
    350 Carlos Chardón Street
    San Juan, Puerto Rico  00918
    Tel: (787)766-5656

### Certificate of Service

I HEREBY CERTIFY that on this 15th day of March 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to Counsel of Record.

    s/ *Scott Anderson*
    Assistant U.S. Attorney